IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH C. HORN,
    Plaintiff,

vs.                                     Case No.: 3:06cv108/LAC/EMT

OFFICER WALLACE, et al.,
    Defendants.
_____/

## ORDER

       This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 24).  The filing fee has been paid (Doc. 16).  From a review of the complaint, it is evident that Plaintiff is not entitled to all of the relief he seeks.  The court will therefore allow Plaintiff an opportunity to correct the deficiency in a second amended complaint.

       Plaintiff was an inmate of the Okaloosa County Jail (OCJ) during the time frame relevant to his complaint and has since been transferred to a Florida Department of Corrections facility (*see* Docs. 24, 20).  Named as Defendants are Officer Wallace and Officer Allen, correctional officers at OCJ (Doc. 24 at 1, 2).  Plaintiff claims that he suffered a violation of his Eighth Amendment rights for the "unprovoked, unlawful use of force (excessive) where two correctional officers acted in their official capacity but outside the color of law by choking and arm barring a passive, unresisting inmate" (*id.* at 8).  Plaintiff seeks $250,000.00 in punitive damages, appointment of counsel, and injunctive relief "from reprisal to this filing"[1] (*id.*).

       As Plaintiff was previously advised by this court (Doc. 22 at 5–6), Plaintiff is not entitled to all of the relief he seeks.  His claim for injunctive relief appears to be moot as he is no longer incarcerated at OCJ.  *See* <u>Spears v. Thigpen</u>, 846 F.2d 1327, 1328 (11th Cir. 1988), *cert. denied*, 488

---

[1]Although Plaintiff has not clearly specified against whom he seeks injunctive relief, it appears that the requested relief is directed at Defendants or OCJ staff (*see* Doc. 24 at 8).

U.S. 1046, 109 S. Ct. 876, 102 L. Ed. 2d 999 (1989); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). The court notes that Plaintiff filed a notice with the court indicating he has been transferred from OCJ to the Reception and Medical Center (*see* Doc. 20). Thus, to the extent Plaintiff seeks injunctive relief "from reprisal" by Defendants or the OCJ, Plaintiff should drop his claim for injunctive relief from his second amended complaint.

In addition, liberally construing the "Relief Requested" section of Plaintiff's complaint, Plaintiff appears to be asking the court to appoint counsel for him in this case at this time (*see* Doc. 24 at 8). Plaintiff is advised that his complaint is not the proper place to request the appointment of counsel, and if Plaintiff would like the court to consider appointing counsel for him in this case, he should file a separate pleading entitled "Motion for Appointment of Counsel." Thus, Plaintiff should drop his request for counsel from his second amended complaint, as it is not an appropriate form of relief should Plaintiff prevail on the merits of his claims.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant was involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded, so Plaintiff should include any allegations that are necessary to his claims in his second amended complaint. Local Rule 15.1, Northern District of Florida. In addition, Plaintiff should list only the relief to which he is entitled.

Accordingly, it is **ORDERED**:

1.      The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. §1983.  This case number should be written on the form.

2.      Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file a second amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "**Second Amended Complaint**."  In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3.      Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 6th day of October 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**