IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH C. HORN,
    Plaintiff,

vs.                                    Case No: 3:06cv108/LAC/EMT

OFFICER WALLACE, et al.,
    Defendants.
_____/

**O R D E R**

        Plaintiff, an inmate proceeding pro se and in forma pauperis has filed his third amended complaint (Doc. 37) and three service copies thereof.  Service of the complaint shall therefore be ordered, and Defendants shall be required to respond.  Plaintiff shall not file any reply to the Defendants' response until ordered to do so by the court.

        Accordingly, it is **ORDERED**:

        1.    The docket shall reflect that there are three Defendants in this action: Okaloosa County Jail (OCJ) Officer Wallace, OCJ Officer Allen, and OCJ Sergeant Tobin.  The clerk shall amend the docket, if necessary, to so reflect.

        2.    The clerk of court is directed to send to the United States Marshal a copy of this order for each Defendant along with the service copies of the amended complaint.  Pursuant to Fed. R. Civ. P. 4(c)(2), all costs of service shall be advanced by the United States.

        3.    The Marshal shall transmit one USM-285 form and one Form 1A (revised) to Plaintiff for each Defendant along with instructions.  The instructions shall require Plaintiff to complete and return the forms to the United States Marshal's office in Tallahassee within **TWENTY (20) DAYS** from the date of receipt thereof.  Failure by Plaintiff to return the completed forms within this time period may result in the dismissal of this case.

4.   Pursuant to Fed.R.Civ.P. 4(d), the United States Marshal shall then send a copy of the complaint, a copy of this order, a completed Form 1A (revised), two copies of Form 1B (revised), and a prepaid means of compliance to each Defendant through first class mail. The Marshal shall mail the forms to Defendants as soon as possible so that service or waiver of service can be completed within 120 days from the date of entry of this order on the docket as contemplated by Fed.R.Civ.P. 4(m).

5.   If, after thirty (30) days from the mailing of the waiver of service forms and the complaint, any Defendant has not returned the waiver of service form (Form 1B (revised)), the Marshal shall obtain summons from the Clerk and personally serve that Defendant pursuant to Fed.R.Civ.P. 4(e). Upon completion of service, the Marshal shall file with the Clerk the return and a written statement of all costs incurred of making such personal service.

6.   The Clerk shall refer this file to the undersigned if the waiver form is returned for insufficient address or for similar reason, if service on any Defendant is returned unexecuted, or if the Marshal has filed a statement of costs incurred for making personal service.

7.   Upon receipt of the complaint, Defendants shall review the subject matter of the complaint in order to:

    a.   Ascertain the facts and circumstances surrounding the complaint;

    b.   Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

    c.   Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

8.   Within **SIXTY (60) DAYS** of receipt of the summons, Defendants shall respond to the complaint either by filing a motion to dismiss the proceedings because Plaintiff has not exhausted administrative remedies or by filing a special report with the court, and a copy thereof to Plaintiff, containing the following:

    a   Sworn statements of all persons having knowledge and relevant information regarding the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including Plaintiff.)

  b. Copies of any written reports prepared as a result of investigation of the inmate's allegations.

  c. All defenses, including immunity defenses.  If not listed, such defenses may be considered waived.

  d. Where relevant, copies of medical or psychological or disciplinary records.

  e. Where applicable, copies of relevant administrative rules, regulations or guidelines.

Defendants are advised that, at some time in the future upon notice of the court, the special report may be deemed a motion for summary judgment.  Therefore, the special report shall include any other Rule 56 materials that Defendants wish the court to consider.

  9. No answer, motion to dismiss, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the court, except as set forth above.  If any such pleading or motion is sent to the court, the clerk shall not file or otherwise treat the pleading as a motion until or unless the court so orders.

  10. Plaintiff shall not file a reply to Defendants' motion to dismiss or to Defendants' special report until ordered to do so by the court.

  11. After the special report or other response to the complaint has been filed by Defendants, Plaintiff shall be required to mail to the attorney for Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the court.  The Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a correct copy of the paper was mailed to the defendants or to the attorney representing the Defendants.  Any paper submitted for filing after a response to the complaint has been filed by Defendants which does not contain a certificate of service shall be returned by the clerk and disregarded by the court.

  12. In accordance with 28 U.S.C. § 636(c)(2), the clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it.  If Plaintiff wishes to consent he should sign the form and forward it to counsel for Defendants, who shall return it to the clerk only if all Defendants consent.

**DONE AND ORDERED** this 31st day of January 2007.

>/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**