IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH C. HORN,
    Plaintiff,

vs.                                        Case No.: 3:06cv108/LAC/EMT

OFFICER WALLACE, et al.,
    Defendants.
_____/

**O R D E R**

       This cause is before the court upon referral from the Clerk. Plaintiff is proceeding pro se and in forma pauperis. On January 31, 2007, the court directed the United States Marshals Service to effect service upon Defendants by mailing the required documents to Defendants at the Okaloosa County jail (Doc. 40).[1] On April 17, 2007, the court was notified that efforts to serve Defendants Wallace and Allen were unsuccessful (Doc. 45). Service of process was returned unexecuted as to Defendants Wallace and Allen because they are no longer employed with the Okaloosa County Department of Corrections (*see* Doc. 45 at 2–3). It is unlikely that Plaintiff, due to his incarceration, will be able to obtain information as to Defendant Wallace's and Allen's whereabouts without engaging in discovery. Discovery, however, is premature. Therefore, the Okaloosa County Department of Corrections shall be required to appear for Defendant Wallace and Allen or provide their addresses in confidence to the United States Marshals Service.

---

[1] With respect to the entity that Plaintiff refers to as the Okaloosa County jail, the Court notes that Okaloosa County has established the Okaloosa County Department of Corrections for, among other things, purposes of operating and maintaining the county jail. *See* Okaloosa County, Fla., Code of Ordinances of Okaloosa County art. IV, § 2-101 *et. seq.* (1989). Therefore, the court will use the terminology that Okaloosa County has adopted and refer to the Okaloosa County Department of Corrections, which is the official entity responsible for the operation of the county jail. *See id.* art. IV, § 2-102.

Accordingly, it is **ORDERED**:

1. The clerk shall issue summonses for Defendant Wallace and Allen, indicating that they each have sixty (60) days in which to file a responsive pleading (which in this case will be a written report as detained *infra*).

2. The clerk shall send a summons, a copy of this order, and a copy of the third amended complaint (Doc. 37) for both Defendant Wallace and Defendant Allen to Paul Lawson; Deputy Director of the Okaloosa County Department of Corrections; 1200 East James Lee Blvd.; Crestview, Florida 32539-3114.

3. The Okaloosa County Department of Corrections shall have **THIRTY (30) DAYS** from the date this order is entered on the docket in which to either: (1) inform the United States Marshals Service in confidence of Defendant Wallace's last known address, (2) enter an appearance on Defendant Wallace's behalf, or (3) advise the court that neither alternative is possible. If Defendant Wallace's address is provided to the Marshal, the Deputy Director of the Okaloosa County Department of Corrections shall file a notice with the court that this has been done. In such event, the Deputy Director of the Okaloosa County Department of Corrections shall also forward to the United States Marshal the copy of this order, the summons, and the service copy of the third amended complaint. **The United States Marshal shall protect the confidentiality of any address provided by the Okaloosa County Department of Corrections as required by Florida law, and shall not disclose any such information on any document filed with the court.**

4. The Okaloosa County Department of Corrections shall have **THIRTY (30) DAYS** from the date this order is entered on the docket in which to either: (1) inform the United States Marshals Service in confidence of Defendant Allen's last known address, (2) enter an appearance on Defendant Allen's behalf, or (3) advise the court that neither alternative is possible. If Defendant Allen's address is provided to the Marshal, the Deputy Director of the Okaloosa County Department of Corrections shall file a notice with the court that this has been done. In such event, the Deputy Director of the Okaloosa County Department of Corrections shall also forward to the United States Marshal the copy of this order, the summons, and the service copy of the third amended complaint. **The United States Marshal shall protect the confidentiality of any address provided by the**

**Okaloosa County Department of Corrections as required by Florida law, and shall not disclose any such information on any document filed with the court.**

5. Upon receipt of an address for Defendant Wallace or Allen, the United States Marshal shall transmit one Form 1A to Plaintiff for the relevant Defendant along with instructions. The instructions shall require Plaintiff to complete and return the form to the United States Marshal's office in Tallahassee within **TWENTY (20) DAYS** from the date of receipt thereof. Failure by Plaintiff to return the completed form within this time period may result in the dismissal of this case.

6. Pursuant to Fed. R. Civ. P. 4(d), the United States Marshal shall then send a copy of the complaint, a copy of this order, the completed Form 1A and a copy thereof, a Form 1B, and a prepaid means of compliance to the relevant Defendant through first class mail. The Marshal shall mail the documents the relevant Defendant as soon as possible so that service or waiver of service can be promptly effected.

7. If after thirty (30) days from the mailing of the waiver of service forms and the complaint the relevant Defendant has not returned the waiver of service form (Form 1B), the Marshal shall attempt to personally serve the relevant Defendant in accordance with Fed. R. Civ. P. 4(e). Upon completion of service, the Marshal shall file the return with the clerk of court.

8. The Clerk shall refer this file to the undersigned if the waiver form is returned for insufficient address or for similar reason, if service on Defendant Wallace or Allen is returned unexecuted, or if the Marshal has filed a statement of costs incurred for making personal service.

9. Defendant Wallace and Defendant Allen shall review the subject matter of the complaint in order to:

    a. ascertain the facts and circumstances surrounding the complaint;

    b. consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

    c. determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

10. Within sixty (60) days of receipt of the summons, Defendant Wallace and Defendant Allen shall respond to the third amended complaint either by filing a motion pursuant to 42 U.S.C.

§ 1997e to dismiss the proceedings because Plaintiff has not exhausted administrative remedies or by filing a special report with the court, and a copy thereof to Plaintiff, containing the following:

      a.    sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint (authorization is hereby granted to interview all witnesses to the events of the complaint, including Plaintiff);

      b.    copies of any written reports prepared as a result of investigation of Plaintiff's allegations;

      c.    all defenses, including immunity defenses (if not listed, such defenses may be considered waived);

      d.    where relevant, copies of medical or psychological or disciplinary records; and

      e.    where applicable, copies of relevant administrative rules, regulations or guidelines.

Defendant Wallace and Defendant Allen are advised that, at some time in the future upon notice of the court, the special report may be deemed a motion for summary judgment. Therefore, the special report shall include all Rule 56 materials that he wishes the court to consider.

11. No answer, motion to dismiss (except on grounds of exhaustion), motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the court. If any such pleading or motion is sent to the court, the clerk shall not file or otherwise treat the pleading as a motion until or unless the court so orders. Plaintiff shall not file a reply to a motion to dismiss or to Defendants' special report(s) until ordered to do so by the court.

12. After the special report(s) or other response(s) to the complaint has been filed by Defendants, Plaintiff shall be required to mail to the attorney(s) for Defendants a copy of every pleading or other paper, including letters, submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a correct copy of the paper was mailed to Defendants or to the attorney(s) representing Defendants. Any paper submitted for filing after a response to the complaint has been filed by Defendants which does not contain a certificate of service shall be returned by the clerk and disregarded by the court.

13. The clerk of court shall return this file to the undersigned on June 1, 2007.

Case No: 3:06cv108/LAC/EMT

**DONE AND ORDERED** this <u>2nd</u> day of May 2007.

<u>*/s/ Elizabeth M. Timothy*                              </u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**
