IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH C. HORN,
      Plaintiff,

vs.                               Case No. 3:06cv108/LAC/EMT

OFFICER WALLACE, et al.,
      Defendants.
_____/

## **ORDER**

      This cause is before the court upon Plaintiff's motion and amended motion for discovery (Docs. 71, 74), and Defendants' response thereto (Doc. 78).[1]

I.      BACKGROUND

      In brief, in the instant civil rights action, Plaintiff, a state prisoner proceeding pro se, claims that Defendants knew he suffered from certain serious physical medical conditions (*see* Doc. 37 at 7–continuation page). Plaintiff claims that nevertheless, on or about June 28, 2005, he was subjected to excessive force by Defendants when they physically restrained him and returned him to his cell after extracting him from the shower area (*see id.* at 7, continuation pages 3–4). Plaintiff alleges that he suffered physical injuries and was treated by prison medical staff on the day of the incident (*see id.* at 7, continuation page 5). Plaintiff also alleges that he filed grievances and that prison officials conducted an investigation (*id.*). For relief, Plaintiff requests nominal, compensatory, and punitive damages (*id.* at 8).

      Defendants have filed special reports (*see* Docs. 43, 63). The court notes that Defendant Tobin filed his special report first (*see* Doc. 43), and thereafter Defendants Wallace and Allen filed

---

[1] On November 30, 2007, the court granted Plaintiff's motion to amend his motion for discovery and directed Defendants to respond to all of Plaintiff's requests (*see* Doc. 76 at 1).

a special report incorporating and adopting the positions taken by Defendant Tobin (*see, e.g.*, Doc. 63 at 2–3).  Currently, Plaintiff's response to Defendants' special reports is due on January 15, 2008 (*see* Doc. 77).

II.   DISCUSSION

In the instant motions, Plaintiff has requested discovery on the following topics:

1.   Medical record[s] from [2004–2006].
2.   Obtaining affidavits which are not included in the special reports — "The witness statements, the other inmates in section C[,] Jermy Dolan, et al., at the time of the situation of event."
3.   Disciplinary reports on Officer Wallace, et al.
4.   Investigation report from Lt. Mc[D]oogle [sic] own words why the D.R. was never processed for hearing on this situation and all other discovering documentation.

(*see* Doc. 71 at 1; Doc. 74 at 1).  In their response, Defendants object to Plaintiff's requests because they claim that the additional documentation requested has already been addressed by Defendants in the exhibits attached to their special reports to the extent that the requested information exists and is relevant (*see* Doc. 78 at 2).  Prior to addressing each request, the court will briefly review the relevant rules of civil discovery.

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  This court has broad discretion in managing pretrial discovery matters.  Klay v. All Defendants, 425 F.3d 977, 982 (11th Cir. 2005) (citing Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002)).  The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  *See* United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958).  Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).  Relevant information is discoverable even if it is not admissible at trial, "if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See id.*; Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991).  In addition, "discovery is not limited to issues raised by the pleadings."  Oppenheimer, 437 U.S. at 351. Discovery is expected to be accomplished voluntarily with minimal judicial intervention.  *See* Bell v. Brary and Gillespie, LLC, No. 6:05-CV-355-ORL-19JG, 2006 WL 923741, *1 (M.D. Fla. 2006).

The Federal Rules provide that a party may serve requests for production of documents which are "in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).  "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."  Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984).  The response shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for any objection shall be stated.  Fed. R. Civ. P. 34(b).  If the documents for production are not in existence, the objecting party should so state under oath.  *See* Cairnes v. Chicago Exp., Inc., 25 F.R.D. 169, 170 (N.D. Ohio 1960).  An evasive or incomplete answer to a request for production is to be treated as a failure to answer.  Fed. R. Civ. P. 37(a)(3).

Within this framework, the court will address each of Plaintiff's requests.

Medical Records from 2004–2006.  Plaintiff requests that Defendants produce his medical records from 2004–2006 (*see* Doc. 71 at 1).  Defendants claim that the medical records regarding the incident alleged in Plaintiff's third amended complaint are attached to Defendant Tobin's special report (*see* Doc. 78 at 3; *see also* Doc. 42, Exs. B, C).  Indeed, Exhibits B and C attached to Defendant Tobin's special report contain Plaintiff's medical records from June 28, 2005, showing the injuries he allegedly received during the alleged use of excessive force (*see* Doc. 42, Exs. B, C). With respect to the remaining records, Defendants argue that these records are not relevant to the instant action because Plaintiff has made no allegation that he sustained injuries beyond those allegedly sustained on June 28, 2005 (*see* Doc. 78 at 2–3).  However, the court notes that Plaintiff has in fact alleged that Defendants knew that he suffered from certain serious physical medical conditions prior to allegedly using excessive force to restrain him and return him to his cell (*see*

Doc. 37 at 7–continuation page).  Therefore, Plaintiff's prior medical records are relevant to his claims and Defendants shall be required to produce them.  With respect to medical records generated after Plaintiff was allegedly restrained by use of excessive force on June 28, 2005, the court finds that any medical records that mention the June 28 incident or document treatment related to the incident are relevant.  Therefore, Plaintiff's motion for discovery on this topic shall be granted to the extent that Defendants shall be ordered to produce Plaintiff's medical records from January 1, 2004 to June 28, 2005, and Defendants shall additionally produce any records from June 29, 2005 through December 2006 that mention the June 28 incident or document treatment related to the incident.

Affidavits not Attached to the Special Report.  Plaintiff requests production of the statements of other witnesses that were collected in the prison wing where Plaintiff was allegedly restrained (*see* Doc. 74 at 1).  Defendants state that all of the witness statements that were collected from inmates and prison officials in the prison wing where the alleged incident happened have been produced and are attached to Defendant Tobin's special report (*see* Doc. 78 at 3; *see also* Doc. 43, Ex. G (composite exhibit containing witness statements)).  Defendants cannot be ordered to produce documents that do not exist.  Therefore, Plaintiff's motion for discovery on this topic shall be denied.

Disciplinary reports on Officer Wallace, et. al..  Plaintiff requests any disciplinary reports concerning the named Defendants (*see* Doc. 71 at 1).  Defendants argue that only disciplinary reports connected to the incident Plaintiff has raised in his third amended complaint are relevant to this action (*see* Doc. 78 at 4).  With regard to these disciplinary reports, Defendants state that no such reports exist (*id.*).  The court cannot agree with Defendants that the only disciplinary reports relevant to this action are those related to the particular incident Plaintiff has raised in his complaint. *See* Oppenheimer, 437 U.S. at 351 (discovery is not limited to issues raised by the pleadings).  If other disciplinary reports exist concerning allegations of excessive force that are related to the named Defendants, they may be relevant to this action.  However, Plaintiff's request is overbroad and must be limited in scope to avoid an undue burden on Defendants.  *See* Klay, 425 F.3d at 982. Therefore, Defendants shall be ordered to produce to Plaintiff any disciplinary reports concerning allegations of excessive force that occurred involving the named Defendants beginning five (5) years

prior to and extending to one (1) year after the date of the alleged incident.[2]  *See, e.g.*, <u>Amos v. Jackson</u>, No. CIV A 04CV0968, 2006 WL 3087244, at *2 (W.D. La. Oct. 25, 2006) (ordering the production of officers' disciplinary reports concerning allegations of excessive from five years prior to the date of the incident); *see also* Fed. R. Evid. 404(b) (other bad acts evidence is not admissible to show conformity therewith but may be admitted for other purposes such as showing proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident); <u>United States v. Delgado</u>, 56 F.3d 1357, 1365 (explaining, in the context of a criminal case, that the "principles governing [the admissibility of] what is commonly referred to as other crimes evidence are the same whether the conduct occurs before or after the offense"); <u>Zackery v. Stockton Police Dep't</u>, No. CIV S-05-2315 MCE DAD P, 2007 WL 1655634, at *3–*4 (E.D. Cal. June 7, 2007) (finding a discovery request for complaints of excessive force lodged against officers during the five years that preceded the incident to be reasonable); <u>Rodriguez v. City of Fresno</u>, No. 1:05cv1017 OWW DLB, 2006 WL 903675, at *4 (E.D. Cal. Apr. 7, 2006) (ten years not unreasonable); <u>Lepianka v. Village of Franklin Park</u>, No. 03 C 2991, 2004 WL 626830, at *2 (N.D. Ill. Mar. 26, 2004) (finding "[p]laintiffs are entitled to discover defendant officers' disciplinary records" and declining to limit discovery to reports of excessive force within the last five years). If no such disciplinary reports exist, Defendants shall so state.

    <u>Investigation reports from Lt. McDoogle</u>.  Plaintiff requests the report of an investigation allegedly authored by Lt. McDoogle or other prison officials (*see* Doc. 71 at 1).  Defendants state that no such report exists, and that to the extent that any investigation was conducted, the relevant reports by prison officials are attached to Defendant Tobin's special report (*see* Doc. 78 at 4–5; *see also* Doc. 43, Ex. G (composite exhibit containing witness statements)).  Defendants cannot be ordered to produce documents that do not exist.  Therefore, Plaintiff's request for this report shall be denied because Defendants have certified that it does not exist.

---

[2]Defendants are permitted to redact the reports to protect private, confidential, and/or privileged information. Defendants are cautioned, however, to avoid redacting the reports to the extent they would become meaningless or unusable.

Accordingly, it is **ORDERED**:

1.   Plaintiff's motions for discovery (Docs. 71, 74) are **GRANTED in part and DENIED in part**.

      A.   Plaintiff's motions are granted to the extent that on or before **DECEMBER 28, 2007**, (i) Defendants shall produce to Plaintiff his medical records from January 1, 2004 to June 28, 2005, and Defendants shall additionally produce to Plaintiff his medical records from June 29, 2005 through December 2006 that mention the June 28 incident or document treatment related to the incident; and (ii) Defendants shall produce to Plaintiff any disciplinary reports (redacted if necessary) concerning allegations of excessive force that occurred involving the named Defendants beginning five (5) years prior to and extending to one (1) year after the date of the alleged incident. If no such disciplinary reports exist, Defendants shall file a notice with the court so indicating within the same time.

      B.   Plaintiff's motions are denied in all other respects in accordance with this order.

**DONE AND ORDERED** this 17th day of December 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH C. HORN,
     Plaintiff,

vs.                             Case No. 3:06cv108/LAC/EMT

OFFICER WALLACE, et al.,
     Defendants.
_____/

## **ORDER**

     This cause is before the court upon Plaintiff's motion and amended motion for discovery (Docs. 71, 74), and Defendants' response thereto (Doc. 78).[1]

I.    BACKGROUND

     In brief, in the instant civil rights action, Plaintiff, a state prisoner proceeding pro se, claims that Defendants knew he suffered from certain serious physical medical conditions (*see* Doc. 37 at 7–continuation page).  Plaintiff claims that nevertheless, on or about June 28, 2005, he was subjected to excessive force by Defendants when they physically restrained him and returned him to his cell after extracting him from the shower area (*see id.* at 7, continuation pages 3–4).  Plaintiff alleges that he suffered physical injuries and was treated by prison medical staff on the day of the incident (*see id.* at 7, continuation page 5).  Plaintiff also alleges that he filed grievances and that prison officials conducted an investigation (*id.*).  For relief, Plaintiff requests nominal, compensatory, and punitive damages (*id.* at 8).

     Defendants have filed special reports (*see* Docs. 43, 63).  The court notes that Defendant Tobin filed his special report first (*see* Doc. 43), and thereafter Defendants Wallace and Allen filed

---

[1]On November 30, 2007, the court granted Plaintiff's motion to amend his motion for discovery and directed Defendants to respond to all of Plaintiff's requests (*see* Doc. 76 at 1).

a special report incorporating and adopting the positions taken by Defendant Tobin (*see, e.g.*, Doc. 63 at 2–3).  Currently, Plaintiff's response to Defendants' special reports is due on January 15, 2008 (*see* Doc. 77).

II.    DISCUSSION

In the instant motions, Plaintiff has requested discovery on the following topics:

1.    Medical record[s] from [2004–2006].
2.    Obtaining affidavits which are not included in the special reports — "The witness statements, the other inmates in section C[,] Jermy Dolan, et al., at the time of the situation of event."
3.    Disciplinary reports on Officer Wallace, et al.
4.    Investigation report from Lt. Mc[D]oogle [sic] own words why the D.R. was never processed for hearing on this situation and all other discovering documentation.

(*see* Doc. 71 at 1; Doc. 74 at 1).  In their response, Defendants object to Plaintiff's requests because they claim that the additional documentation requested has already been addressed by Defendants in the exhibits attached to their special reports to the extent that the requested information exists and is relevant (*see* Doc. 78 at 2).  Prior to addressing each request, the court will briefly review the relevant rules of civil discovery.

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  This court has broad discretion in managing pretrial discovery matters.  <u>Klay v. All Defendants</u>, 425 F.3d 977, 982 (11th Cir. 2005) (citing <u>Perez v. Miami-Dade County</u>, 297 F.3d 1255, 1263 (11th Cir. 2002)).  The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  *See* <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 682 (1958).  Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978) (citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947)).  Relevant information is discoverable even if it is not admissible at trial, "if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See id.*; Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991).  In addition, "discovery is not limited to issues raised by the pleadings."  Oppenheimer, 437 U.S. at 351. Discovery is expected to be accomplished voluntarily with minimal judicial intervention.  *See* Bell v. Brary and Gillespie, LLC, No. 6:05-CV-355-ORL-19JG, 2006 WL 923741, *1 (M.D. Fla. 2006).

The Federal Rules provide that a party may serve requests for production of documents which are "in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).  "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."  Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984).  The response shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for any objection shall be stated.  Fed. R. Civ. P. 34(b).  If the documents for production are not in existence, the objecting party should so state under oath.  *See* Cairnes v. Chicago Exp., Inc., 25 F.R.D. 169, 170 (N.D. Ohio 1960).  An evasive or incomplete answer to a request for production is to be treated as a failure to answer.  Fed. R. Civ. P. 37(a)(3).

Within this framework, the court will address each of Plaintiff's requests.

Medical Records from 2004–2006.  Plaintiff requests that Defendants produce his medical records from 2004–2006 (*see* Doc. 71 at 1).  Defendants claim that the medical records regarding the incident alleged in Plaintiff's third amended complaint are attached to Defendant Tobin's special report (*see* Doc. 78 at 3; *see also* Doc. 42, Exs. B, C).  Indeed, Exhibits B and C attached to Defendant Tobin's special report contain Plaintiff's medical records from June 28, 2005, showing the injuries he allegedly received during the alleged use of excessive force (*see* Doc. 42, Exs. B, C). With respect to the remaining records, Defendants argue that these records are not relevant to the instant action because Plaintiff has made no allegation that he sustained injuries beyond those allegedly sustained on June 28, 2005 (*see* Doc. 78 at 2–3).  However, the court notes that Plaintiff has in fact alleged that Defendants knew that he suffered from certain serious physical medical conditions prior to allegedly using excessive force to restrain him and return him to his cell (*see*

Doc. 37 at 7–continuation page).  Therefore, Plaintiff's prior medical records are relevant to his claims and Defendants shall be required to produce them.  With respect to medical records generated after Plaintiff was allegedly restrained by use of excessive force on June 28, 2005, the court finds that any medical records that mention the June 28 incident or document treatment related to the incident are relevant.  Therefore, Plaintiff's motion for discovery on this topic shall be granted to the extent that Defendants shall be ordered to produce Plaintiff's medical records from January 1, 2004 to June 28, 2005, and Defendants shall additionally produce any records from June 29, 2005 through December 2006 that mention the June 28 incident or document treatment related to the incident.

      Affidavits not Attached to the Special Report.  Plaintiff requests production of the statements of other witnesses that were collected in the prison wing where Plaintiff was allegedly restrained (*see* Doc. 74 at 1).  Defendants state that all of the witness statements that were collected from inmates and prison officials in the prison wing where the alleged incident happened have been produced and are attached to Defendant Tobin's special report (*see* Doc. 78 at 3; *see also* Doc. 43, Ex. G (composite exhibit containing witness statements)).  Defendants cannot be ordered to produce documents that do not exist.  Therefore, Plaintiff's motion for discovery on this topic shall be denied.

      Disciplinary reports on Officer Wallace, et. al..  Plaintiff requests any disciplinary reports concerning the named Defendants (*see* Doc. 71 at 1).  Defendants argue that only disciplinary reports connected to the incident Plaintiff has raised in his third amended complaint are relevant to this action (*see* Doc. 78 at 4).  With regard to these disciplinary reports, Defendants state that no such reports exist (*id.*).  The court cannot agree with Defendants that the only disciplinary reports relevant to this action are those related to the particular incident Plaintiff has raised in his complaint.  *See* Oppenheimer, 437 U.S. at 351 (discovery is not limited to issues raised by the pleadings).  If other disciplinary reports exist concerning allegations of excessive force that are related to the named Defendants, they may be relevant to this action.  However, Plaintiff's request is overbroad and must be limited in scope to avoid an undue burden on Defendants.  *See*  Klay, 425 F.3d at 982.  Therefore, Defendants shall be ordered to produce to Plaintiff any disciplinary reports concerning allegations of excessive force that occurred involving the named Defendants beginning five (5) years

prior to and extending to one (1) year after the date of the alleged incident.[2]  *See, e.g.*, Amos v.
Jackson, No. CIV A 04CV0968, 2006 WL 3087244, at *2 (W.D. La. Oct. 25, 2006) (ordering the
production of officers' disciplinary reports concerning allegations of excessive from five years prior
to the date of the incident); *see also* Fed. R. Evid. 404(b) (other bad acts evidence is not admissible
to show conformity therewith but may be admitted for other purposes such as showing proof of
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident); United States v. Delgado, 56 F.3d 1357, 1365 (explaining, in the context of a criminal
case, that the "principles governing [the admissibility of] what is commonly referred to as other
crimes evidence are the same whether the conduct occurs before or after the offense"); Zackery v.
Stockton Police Dep't, No. CIV S-05-2315 MCE DAD P, 2007 WL 1655634, at *3–*4 (E.D. Cal.
June 7, 2007) (finding a discovery request for complaints of excessive force lodged against officers
during the five years that preceded the incident to be reasonable); Rodriguez v. City of Fresno, No.
1:05cv1017 OWW DLB, 2006 WL 903675, at *4 (E.D. Cal. Apr. 7, 2006) (ten years not
unreasonable); Lepianka v. Village of Franklin Park, No. 03 C 2991, 2004 WL 626830, at *2 (N.D.
Ill. Mar. 26, 2004) (finding "[p]laintiffs are entitled to discover defendant officers' disciplinary
records" and declining to limit discovery to reports of excessive force within the last five years).
If no such disciplinary reports exist, Defendants shall so state.

  Investigation reports from Lt. McDoogle.  Plaintiff requests the report of an investigation
allegedly authored by Lt. McDoogle or other prison officials (*see* Doc. 71 at 1).  Defendants state
that no such report exists, and that to the extent that any investigation was conducted, the relevant
reports by prison officials are attached to Defendant Tobin's special report (*see* Doc. 78 at 4–5; *see
also* Doc. 43, Ex. G (composite exhibit containing witness statements)).  Defendants cannot be
ordered to produce documents that do not exist.  Therefore, Plaintiff's request for this report shall
be denied because Defendants have certified that it does not exist.

---

[2]Defendants are permitted to redact the reports to protect private, confidential, and/or privileged information.
Defendants are cautioned, however, to avoid redacting the reports to the extent they would become meaningless or
unusable.

Accordingly, it is **ORDERED**:

  1.  Plaintiff's motions for discovery (Docs. 71, 74) are **GRANTED in part and DENIED in part**.

    A.  Plaintiff's motions are granted to the extent that on or before **DECEMBER 28, 2007**, (i) Defendants shall produce to Plaintiff his medical records from January 1, 2004 to June 28, 2005, and Defendants shall additionally produce to Plaintiff his medical records from June 29, 2005 through December 2006 that mention the June 28 incident or document treatment related to the incident; and (ii) Defendants shall produce to Plaintiff any disciplinary reports (redacted if necessary) concerning allegations of excessive force that occurred involving the named Defendants beginning five (5) years prior to and extending to one (1) year after the date of the alleged incident. If no such disciplinary reports exist, Defendants shall file a notice with the court so indicating within the same time.

    B.  Plaintiff's motions are denied in all other respects in accordance with this order.

  **DONE AND ORDERED** this 17th day of December 2007.

    /s/ *Elizabeth M. Timothy*
    **ELIZABETH M. TIMOTHY**
    **UNITED STATES MAGISTRATE JUDGE**